UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. PAULSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF EDMONDS, et al.,<br><br>    Defendant. | CASE NO. C12-1636JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Thomas J. Paulson's proposed complaint (Compl. (Dkt. # 1-1)) and application to proceed *in forma pauperis* ("IFP") (IFP App. (Dkt. # 8)), the Report and Recommendation of United States Magistrate Judge James P. Donohue (Rpt. & Rec. (Dkt. # 11)) ("R&R"), and Mr. Paulson's objections thereto (Objections (Dkt. # 13)).  Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the R&R (Dkt. # 11), DISMISSES Mr. Paulson's complaint without prejudice, and REFERS this

ORDER- 1

matter to Magistrate Judge Donohue to examine Mr. Paulson's first amended complaint pursuant to 28 U.S.C. § 1915(e).

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *Id.*  When no objections are filed, the court need not review de novo the report and recommendation.  *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).  Because Mr. Paulson is proceeding *pro se*, this court must interpret his complaint and objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Section 1915(e)(2)(B) of Title 28 of the United States Code requires a court to dismiss a complaint prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages for defendants who are immune from suit.  *See Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

## III.  DISCUSSION

Magistrate Judge Donohue's R&R recommends dismissing Mr. Paulson's proposed complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B) and denying Mr. Paulson's application to proceed IFP as moot. (*See generally* Rpt. & Rec.)  Specifically, Judge Donohue found Mr. Paulson's complaint deficient because it "failed to allege sufficient facts to place any defendant on notice" of Mr. Paulson's claims or "otherwise provide any basis for jurisdiction in this [c]ourt." (Rpt. & Rec. at 3 (citing Fed. R. Civ. P. 8(a)).)

Following Judge Donohue's R&R, Mr. Paulson filed a document titled "Motion to Strike Report and Recommendation and Grant Defendant's Demand for Jury Trial," which the court liberally interprets as Mr. Paulson's objections to the R&R.  (*See* Objections.)  The bulk of Mr. Paulson's objections to the R&R merely restate facts and claims already asserted in Mr. Paulson's proposed compliant (*compare* Compl. *with* Objections).  Indeed, in no portion of Mr. Paulson's objections does Mr. Paulson make specific objections to the R&R so as to implicate de novo review of Judge Donohue's R&R by the district court judge.  (*See generally* Objections); *see Reyna-Tapia*, 328 F.3d at 1121.  Thus, the court is free to adopt the R&R without de novo review.  Nevertheless, were the court to conduct such de novo review of the R&R, the result would be the same. As explained by Judge Donohue, much of Mr. Paulson's proposed complaint is difficult to decipher.  But interpreting Mr. Paulson's complaint liberally, it appears that Mr. Paulson complains against Defendant City of Edmonds, Washington with respect to the circumstances of a traffic stop:

> Confirmed in August of 2012, the plaintiff has been awarded the Washington State Patrol data base [sic] over one of his arrest. That document clearly states in the English language "Do not arrest on this information", [sic] pertaining to the plaintiff over a traffic stop.

(Compl. at 5.) This description of the traffic stop does not provide the City of Edmonds with sufficient facts or details to understand the nature of Mr. Paulson's claims. *See* Fed. R. Civ. P. 8(a); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) (A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory.).

Mr. Paulson's claims against the City of Edmonds are equally difficult to understand. In Count 1, Mr. Paulson states as follows:

> 1. The policy of the defendant is confirmed by a retired attorney documenting on the record December 20th, 2010, and April 1st, 2011, whereas, the right to a public trial was denied as was any supporting accusations of witnesses. Typically the right to confront any accusations would be only merely a dream.

(*Id.* at 7.) And, in Count 2, Mr. Paulson alleges:

> 2. The policy of the defendant is confirmed by the Washington State Patrol reporting that does not match any activity of the City of Edmonds, Washington, that, and/or any United States Codes, Constitution, or Washington State Constitution that would be a provision of any legislative culture. The defendant has a policy that could be cruel and unusual punishment conclusively.

(*Id.* at 8.) Although Mr. Paulson asserts that he has been wronged by the City of Edmonds in some way, the City of Edmonds has no way of knowing the specifics of the alleged wrong. Thus, the court concludes that Mr. Paulson's proposed complaint does not provide sufficient facts or details for the City of Edmonds to understand the nature of the claims against it. *See Dean Witter Reynolds*, 749 F.2d at 534.

ORDER- 4

## IV. CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the R&R (Dkt. # 11) insofar as it dismisses Mr. Paulson's proposed complaint without prejudice (Dkt. # 1-1) pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g). In the time since Judge Donohue issued his R&R, Mr. Paulson has filed an amended complaint (Am. Compl. (Dkt. # 12)). The court hereby REFERS this matter to the Magistrate Judge to determine whether Mr. Paulson's amended complaint is sufficient under 28 U.S.C. § 1915(e)(2)(B) and to determine Mr. Paulson's IFP status.

Additionally, Mr. Paulson has filed seven motions on the court's docket. (*See* Dkt. ## 14, 15, 17, 20, 21, 22, and 23.) The court has examined each of these motions. Liberally interpreting them, the motions appear to relate to authentication of documents Mr. Paulson believes are relevant, confirmation of jurisdiction in this court, and procedural issues in this matter[1]. At this time, because the Magistrate Judge has not yet determined the sufficiency of Mr. Paulson's amended complaint or Mr. Paulson's IFP status, these motions are premature. Accordingly, the court STRIKES the seven motions (Dkt. ## 14, 15, 17, 20, 21, 22, and 23) without prejudice as prematurely filed. If the Magistrate Judge determines that Mr. Paulson's amended complaint passes muster under

---

[1] For instance, with respect to procedural matters, Mr. Paulson has filed a motion titled "Motion and (Proposed) Order for the Parties Status Update Confirmation Date." (Paulson Mot. No. 7 (Dkt. # 23)). The attached proposed order states in part: "This matter came before the Court on the parties' stipulated Motion for Approval that the Plaintiff is in this case, Thomas J. Paulson, under the decision of this court, approves the clerk to set a confirmation status update on the court docket set for 2013." (Paulson Mot. No. 7 at 2.) For the record, the court notes that the City of Edmonds has not stipulated to Mr. Paulson's motion. (*See generally* Dkt.)

1  28 U.S.C. § 1915(e)(2)(B) and grants Mr. Paulson's application to proceed *in forma*
2  *pauperis*, Mr. Paulson may then file or re-file any appropriate motion. The court also
3  STRIKES as moot Mr. Paulson's two motions to strike the City of Edmonds' responses
4  to Mr. Paulson's objections to the R&R (Dkt. ## 18, 19).
5       The court DIRECTS the Clerk to send copies of this Order to Mr. Paulson, counsel
6  for the City of Edmonds, and to Magistrate Judge Donohue.
7       Dated this 14th day of December, 2012.

8
9
10                                        *(signature)*
                                          _____
11                                        JAMES L. ROBART
                                          United States District Judge
12
13
14
15
16
17
18
19
20
21
22