UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. PAULSON,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF EDMONDS, WA,<br><br>               Defendant. | CASE NO. 12-1636JLR<br><br>ORDER ON PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL |

## I.  INTRODUCTION

Currently before the court is Plaintiff Thomas Paulson's notice of voluntary dismissal[1] of his complaint (Dkt. # 39).  Also pending before the court is Defendant City

---

[1] Mr. Paulson captions his motion "Plaintiff is Canceling Claim for Plenary Control to File State Tort Actions."  (*See* Paulson Mot. (Dkt. # 39).)  In his filing, Mr. Paulson states that "[t]his case is cancelled so Plaintiff can utilize his state rights accordingly." (Paulson Mot. at 1.)  Because Mr. Paulson is proceeding *pro se*, the court liberally construes his pleadings.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  Accordingly, the court liberally construes Mr. Paulson's filing as a motion to voluntarily dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).

ORDER- 1

of Edmonds, Washington's ("the City") motion to dismiss Mr. Paulson's complaint (Mot. to Dismiss (Dkt. # 40)). Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS Mr. Paulson's motion to voluntarily dismiss his complaint (Dkt. # 39). The court DISMISSES WITHOUT PREJUDICE Mr. Paulson's complaint against the City pursuant to Federal Rule of Civil Procedure 41(a)(2). Accordingly, the court DENIES the City's motion to dismiss (Dkt. # 40) as MOOT. The court also DENIES as MOOT Mr. Paulson's pending motions (Dkt. ## 31, 32, 33, 35, 36, 37, 38).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The court previously dismissed Mr. Paulson's complaint against the City and various unnamed defendants without prejudice for failure to state a claim upon which relief may be granted. (*See* 12/14/12 Ord. (Dkt. # 24).) Mr. Paulson, proceeding *pro se*, filed an amended complaint against the City presenting substantially similar allegations. (*See* Am. Compl. (Dkt. # 12).)

Liberally construed, Mr. Paulson's amended complaint attempts to assert claims under 42 U.S.C. § 1983, 42 U.S.C. § 1986, and 42 U.S.C. § 1988 for violation of Mr. Paulson's Eighth Amendment right to be free from excessive fines. (*See* Am. Compl. at 1, 3-8.[2]) Mr. Paulson also appears to assert a state law negligence claim against the City. (*See id.* at 9.) Although Mr. Paulson's allegations are largely indecipherable, his claims

---

[2] Mr. Paulson does not consistently use numbered paragraphs in his amended complaint. (*See generally* Am. Compl.). As such, the court will refer to the page numbers of the complaint for ease of reference.

1  appear to arise from a traffic ticket he received on June 10, 2008.  (*Id.* at 9.)  Mr. Paulson
2  alleges that the City falsely notified the State of Washington Department of Licensing
3  that he had failed to comply with the terms of prior traffic citations.  (*Id.* at 20.)  Mr.
4  Paulson further alleges that, as a result, he was issued a traffic ticket on June 10, 2008,
5  for driving with a suspended license, even though the Department of Licensing should
6  not have suspended his license.  (*Id.* at 9.)  Mr. Paulson states that "the Washington State
7  Patrol reporting on the day of Exhibit Twelve as the document states on the record [sic];
8  'Do not arrest on this information.'"  (*Id.*)  Nevertheless, Mr. Paulson states that he "was
9  arrested, taken to jail, forced to appear before a judge . . . " and "forced to pay a fine of
10 $550.00 as a person on disability and minimal living arrangements."  (*Id.*)

11         On January 9, 2013, Mr. Paulson filed a document with the court captioned
12 "Plaintiff is canceling claim for plenary control to file state tort actions."  (Paulson Mot.
13 (Dkt. # 39) at 1.)  Mr. Paulson's motion states:  "This notice is for you, and all of
14 you . . . . 4. This case is cancelled so Plaintiff can utilize his state rights accordingly."
15 (*Id.*)  On the same day, the City filed a motion to dismiss (Mot. to Dismiss).  The City
16 asserts that Mr. Paulson failed to properly serve the City, failed to follow the statutory
17 claim filing procedures of RCW 4.96.020, failed to state a claim upon which relief can be
18 granted, and filed claims that are barred by various statutes of limitations.  (*See generally*
19 Mot. to Dismiss.)

20                        III.   DISCUSSION

21         Federal Rule of Civil Procedure 41(a)(2) states that unless all parties to an action
22 stipulate to a dismissal or the plaintiff dismissed before the opposing party served either

ORDER- 3

an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Mr. Paulson clearly indicates his intent to voluntarily dismiss the case pending before this court and asserts his right to refile his claims in state court. (*See generally* Paulson Mot. ("This case is cancelled so Plaintiff can utilize his state rights accordingly.").) Mr. Paulson reiterates his intent in his response to the City's motion to dismiss, which he captioned "Plaintiff cancelled case but will answer defendants [sic] motion for February 8th, 2013." (Resp. (Dkt. # 43) at 1.) Mr. Paulson filed his request to cancel his case after the City answered his original complaint, so the court liberally construes his request as a motion to voluntarily dismiss his case pursuant to Federal Rule of Civil Procedure 41(a)(2).[3]

"[T]he decision to grant a voluntary dismissal under [Federal Rule of Civil Procedure] 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quoting *Westlands*

---

[3] Although Mr. Paulson's request to cancel his case does not strictly follow the technical requirements for a voluntary dismissal, the court liberally construes his request as a motion to voluntarily dismiss his case. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) ("[T]he rights of *pro se* litigants require careful protection where highly technical requirements are involved.").

*Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)).  A dismissal does not legally prejudice a defendant solely because it leaves the dispute unresolved or because it creates a threat of future litigation.  *Id.*  Nor is a defendant prejudiced by the need to defend against claims in state court.  *Id.*

Here, the dismissal of Mr. Paulson's claims would not prejudice the City.  First and foremost, the City has already asked the court to dismiss Mr. Paulson's complaint.  (*See generally* Mot. to Dismiss.)  Second, legal prejudice does not arise merely because Mr. Paulson might refile his claim in state court, or even in this court.  *See Smith*, 263 F.3d at 976 (stating that plain legal prejudice does not arise merely because the defendant would be "inconvenienced by having to defend in another forum").  Third, the City has not filed any counterclaims nor will dismissal preclude them from raising any previously raised defense should Mr. Paulson refile.  *See* Fed. R. Civ. P. 41(a)(2) (stating that any counterclaims must remain pending if filed before motion to dismiss).  Finally, while the City has surely expended effort and expense defending itself against Mr. Paulson's suit by filing responsive pleadings and motions, that is not legal prejudice.  *See Westlands*, 100 F.3d at 97 ("We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice."); *Hamilton*, 679 F.2d at 146 (stating that the defendant's argument that the court should have estopped the plaintiff from voluntarily dismissing the case because of the defendant's significant expense in

preparing and filing its pleadings was "without merit").[4]  The parties have not engaged in discovery nor moved past the motion to dismiss stage.  *See Westlands*, 100 F.3d at 96-98 (reversing the district court's denial of the plaintiff's motion to voluntarily dismiss and grant of defendant's motion for summary judgment where the defendant's only claims for prejudice were the uncertainty resulting from not resolving the dispute, the plaintiff's delay in prosecuting the case, and the considerable expense incurred).

Dismissal *with* prejudice is the only thing that the City is requesting that the court is not granting.  The court, however, has reviewed the City's motion to dismiss and finds that, were it to dismiss claims pursuant to that motion, it would dismiss Mr. Paulson's complaint without prejudice.  The City asks that this court dismiss Mr. Paulson's claims because it lacks personal jurisdiction.  (Mot. at 2-3.)  Were the court to agree, it would have no choice but to dismiss Mr. Paulson's claims without prejudice.  *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (holding that the district court erred in dismissing the complaint with prejudice after determining it lacked personal jurisdiction over the defendants).

As to the City's other grounds for dismissal, the court cannot say it has absolutely no doubt that Mr. Paulson could not revise his complaint to state a claim.  *See Akhtar v.*

---

[4] The court has the discretion to condition dismissal upon payment of costs and attorney's fees.  *Westlands*, 100 F.3d at 97.  However, imposition of costs and fees is not mandatory.  *Id.*  The court declines to condition Mr. Paulson's dismissal on payment of the City's costs and fees.  The court notes that Mr. Paulson is proceeding *in forma pauperis*.  (*See* Ord. Granting IFP (Dkt. # 30).)  Second, the court is granting only what the City would have received had the court granted its motion to dismiss, since the court would not have dismissed the City's claim's with prejudice.

*Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1027 n.1 (9th Cir. 1985) (en banc)) ("We have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). By granting Mr. Paulson's motion to voluntarily dismiss his complaint, the City is receiving exactly what it would have received had the court granted its motion to dismiss. The City, therefore, will not be legally prejudiced by the court's grant of Mr. Paulson's motion.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Paulson's motion to voluntarily dismiss his amended complaint (Dkt. # 39), DISMISSES WITHOUT PREJUDICE the case in its entirety, and DENIES as MOOT the City's motion to dismiss (Dkt # 40), as well as all of Mr. Paulson's pending motions (Dkt. ## 31, 32, 33, 35, 36, 37, 38).

Dated this 6th day of February, 2013.

JAMES L. ROBART
United States District Judge